CC Realty Servs. LLC v S. Cavallo, Inc. (2022 NY Slip Op 02222)

CC Realty Servs. LLC v S. Cavallo, Inc.

2022 NY Slip Op 02222

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Shulman, Pitt, JJ. 

Index No. 656282/16 Appeal No. 15651-15651A Case No. 2021-02155 

[*1]CC Realty Services LLC, Plaintiff-Appellant,
v
S. Cavallo, Inc., Defendant-Respondent, Stefan A. Cavallo et al., Defendants.

Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
Landy Wolf PLLC, New York (David A. Wolf of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 24, 2020, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint, deemed an appeal from the ensuing judgment, same court and Justice, entered December 31, 2020, dismissing the complaint, and, as so considered, the judgment, unanimously affirmed, without costs.
Defendant established prima facie its entitlement to summary judgment, as the parties' 2014 amended brokerage agreement, which created an exclusive brokerage arrangement between plaintiff broker and defendant property seller, provided that there had to be a closing on sale of the property before plaintiff was entitled to its commission (Donald Yoo [N.Y.] Corp. v Tauber & Assoc., 281 AD2d 171 [1st Dept 2001]). While there was a contract between the seller plaintiff and the buyer, no closing ever took place and on February 5, 2015, whatever contract of sale existed, was cancelled. Defendant had the right to terminate any agreement of sale and did so based on tax considerations. Pursuant to the amended brokerage agreement, plaintiff ceased to act as plaintiff's broker in May 2015 and its right to collect "tail" commissions expired in December 2015. Plaintiff, thereafter, employed a new broker. A new sales contract was negotiated for $200,000 more than any offer made through plaintiff, which sale closed in July 2016. Although plaintiff did a considerable amount of work in the expectation that a sale would be consummated, the closing that eventually took place was not on the 2014 agreement between the seller and buyer, but under a newly negotiated contract at a different price and with a different broker. Plaintiff had no contractual right to commissions under these circumstances.
By contrast, plaintiff did not establish entitlement to summary judgment on its motion. After the amended brokerage agreement's term ended, plaintiff's right to earn a commission could only be based upon procuring a buyer who was "ready, willing and able to purchase at the terms set by the seller" (SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 97 [1st Dept 2014]). To be deemed the "procuring cause" of a transaction, "there must be a direct and proximate link, as distinguished from one that is indirect and remote," between the introduction by the broker and the consummation of the transaction (id. at 98). Plaintiff, however, was unable to show that it was the procuring cause of the sale. The record evidence established that defendant did not accept plaintiff's last proposal on behalf of the seller made on March 8, 2016, as defendant was seeking a higher price than the one offered. After the March 2016 proposal, defendant had no further negotiations with plaintiff. Rather, a different broker procured a new offer to purchase the premises for a price of $18,200,000 and persuaded defendant to accept that offer.
As to plaintiff's argument that defendant [*2]acted in bad faith, the only relevant cause of action on the summary judgment motions was the one for breach of contract. Accordingly, we do not reach plaintiff's argument regarding defendant's purported bad faith. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022